UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM BOEHLE,

    Plaintiff,

-VS-

COMMONWEALTH FINANCIAL
SYSTEMS, INC.,

    Defendant.
_____/

CASE NO.:

8:13-CV-3258-T-33 EAJ

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Plaintiff, William Boehle, who alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

1. This is an action for damages exceeding fifteen thousand dollars ($15,000.00) exclusive of attorney fees and cost.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and §1332.

3. The alleged violations described in the Complaint occurred in Pasco County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida

5. Plaintiff is a natural person who is allegedly obligated to pay a consumer debt.

1

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant, Commonwealth Financial Systems, Inc. (hereinafter "CFS"), is a corporation, debt collector and citizen of the State of Pennsylvania with its principal place of business at 245 Main St., Dickson City, PA 18519.

9. Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred supposedly for personal, family or household purposes and therefore is a "consumer debt" as defined by Florida Statute §559.55(1).

10. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

11. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

12. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

13. Prior to January 2013, Plaintiff would receive phone calls to his cell phone at the time, 813-401-5747, from CFS attempting to collect on a debt which Plaintiff did not owe and was not aware of.

14. Having grown tired of the incessant calls from CFS, on June 3, 2013 Plaintiff mailed a letter to CFS stating "Do not call 813-401-5747 again".

15. Shortly thereafter, CFS began to constantly call Plaintiff on his brand new cell phone number continually attempting to collect a debt from Plaintiff which he did not owe.

16. Whenever he speaks to an agent of CFS, the Plaintiff would request that the company to stop calling him and he would ask who the company was that was calling and the Plaintiff would refuse to provide the company information or the name of the agent that was calling.

17. On at least twenty (20) occasions Plaintiff has spoken to agents of CFS and explained he does not owe any outstanding balance as they claim, however CFS continues to bombard Plaintiff with collection calls for a medical bill which he does not owe.

18. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to stop the harassing calls or have his number removed.

19. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

20. Plaintiff was not able to catalogue every call he received from CFS, however below is the sample of calls Plaintiff received to his cell phone from CFS:

    i. April 26, 2013 at 8:58 a.m., 10:15 a.m.

    ii. April 27, 2013 at 8:49 a.m.

    iii. April 28, 2013 at 6:43 a.m.

    iv. April 29, 3013 at 11:29 a.m., 7:43 p.m.

    v. April 30, 2013 at 9:33 a.m.

    vi. May 2, 2013 at 8:47 a.m., 12:54 p.m., 6:27 p.m.

    vii. May 3, 2013 at 9:15 a.m., 9:16 a.m.

    viii. May 4, 2013 at 9:16 a.m., 10:22 a.m.

    ix. May 6, 2013 at 10:28 a.m., 6:21 p.m.

    x. May 7, 2013 at 8:42a.m., 9:52 a.m.

xi.     June 3, 2013 at 2:01 p.m.

xii.    June 4, 2013 at 9:04 a.m.

xiii.   June 11, 2013 at 9:57 a.m., 4:23 p.m.

xiv.    June 12, 2013 at 11:20 a.m.

xv.     June 13, 2013 at 8:34 p.m.

xvi.    July 1, 2013 at 9:15 a.m., 11:30 a.m., 2:30 p.m.

xvii.   July 2, 2013 at 9:27 a.m., 3:15 p.m., 7:30 p.m.

xviii.  July 3, 2013 at 8:37 a.m., 10:15 a.m., 1:10 p.m., 8:00 p.m.

xix.    July 5, 2013 at 9:00 a.m., 9:30 a.m., 11:30 a.m., 1:15 p.m., 7:30 p.m.

xx.     July 6, 2013 at 9:27 a.m., 1:45 p.m., 4:20 p.m.

xxi.    July 7, 2013 at 10:20 p.m.

xxii.   July 8, 2013 at 9:05 a.m., 1:30 p.m., 3:15 p.m., 6:00 p.m.

xxiii.  July 9, 2013 at 10:00 a.m., 12:00 p.m., 7:30 p.m.

xxiv.   July 11, 2013 at 9:45 p.m.

xxv.    July 12, 2013 at 3:30 p.m.

xxvi.   July 13, 2013 at 6:30 p.m.

xxvii.  July 15, 2013 at 9:15 a.m., 1:37 p.m.

xxviii. July 16, 2013 at 4:00 p.m.

xxix.   July 17, 2013 at 9:30 a.m., 9:35 a.m.

xxx.    July 18, 2013 at 1:30 p.m., 2:15 p.m.

xxxi.   July 23, 2013 at 9:20 a.m., 11:15 a.m., 4:45 p.m.

xxxii.  July 24, 2013 at 8:35 a.m., 11:30 a.m., 6:15 p.m.

xxxiii. July 27, 2013 at 10: a.m., 11:25 p.m.

xxxiv.  July 30, 2013 6:30 p.m.

xxxv.    Plus thirty (30) additional calls between August 1, 2013 and October 4, 2013.

21.    Defendant's corporate policy and procedures provided no means for the Plaintiff to have his number removed from the call list.

22.    Defendant has a corporate policy to harass and abuse individuals and has set up their call-back system in a manner which makes it virtually impossible for the robo-calls to stop.

23.    Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

24.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25.    Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above and further states:

26.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

Plaintiff re-alleges paragraphs one (1) through twenty-seven (25) above and further states:

27. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

28. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

29. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

30. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

31. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violations of the FDCPA)

Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above and further states:

32. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

> (a) The Defendant violated 15 U.S.C. § 1692d by committing actions against the Plaintiff in which the consequences result in the Plaintiff feeling harassed and abused.
>
> (b) The Defendant violated 15 U.S.C. § 1692d(5) by continually causing the Plaintiff's phone to ring.
>
> (c) The Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect a debt which Plaintiff is not legally obligated to pay.

33. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

Respectfully submitted,

/s/ Jared Michael Lee
_____
Jared Michael Lee, Esquire
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax:  (407) 245-3485
Florida Bar#: 0052284
Attorney for Plaintiff
jlee@forthepeople.com